# In the United States Court of Federal Claims

No. 22-1320

(Filed: December 16, 2022)

| | |
|---|---|
| **CHRISTOPHER MOORE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **THE UNITED STATES,** ) <br> ) <br> Defendant. ) <br> ) <br> ) | Request for appointment of counsel; request for class certification; improper reliance on treaties with Indian tribes as a basis for jurisdiction over monetary claims |

Christopher Moore, *pro se*, Helena, Oklahoma.

Igor Helman, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the brief and pleadings were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, and Patricia M. McCarthy, Director, and Eric P. Bruskin, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

Plaintiff, Christopher Moore, filed suit against the United States on September 16, 2022, seeking relief from Oklahoma state criminal laws and child custody laws as a member of the Choctaw/Chickasaw Nation.  *See* Compl. at 1, EFC No. 1. [1]  Plaintiff is proceeding *pro se* and is incarcerated at the James Crabtree Correctional Center in Oklahoma.  Compl. at 1.  Mr. Moore alleges that his incarceration under Oklahoma state law for an alleged crime on a reservation violates his Choctaw/Chickasaw Nations' treaty rights.  *See* Compl. at 1-3.  He petitions the court for a writ of mandamus to address Oklahoma authorities prosecuting, convicting, and incarcerating members of Native American tribes without criminal jurisdiction.  Compl. at 1.  He seeks 100 dollars per day of his allegedly wrongful detention and incarceration in compensatory damages, 300,000 dollars for "loss of income and alienation of affections, attorneys' fees, [and] costs of this litigation," and one million dollars in "punitive damages for ongoing violation of

---

[1] Plaintiff states in his complaint that he has been subject to Oklahoma's child custody laws but does not provide additional details or related allegations.  *See* Compl. at 1-4.  Therefore, the court does not address these laws in its analysis.

treaty" rights. Compl. at 3. In his complaint, plaintiff also requests appointment of counsel and class certification. Compl. at 3.

On October 12, 2022, the court granted plaintiff's October 11, 2022 motion to proceed *in forma pauperis* (IFP). ECF No. 7; ECF No. 8.[2] On October 20, 2022, the government filed a motion to dismiss pursuant to Rule 12(b)(1), contending that the court did not have subject-matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 10. On November 17, 2022, plaintiff filed a motion to amend pleadings, ECF No. 12, to which the government responded on December 1, 2022, ECF No. 13. Plaintiff did not file a reply to the government's response.

**DISCUSSION**

*1. Appointment of Counsel*

Mr. Moore requests that the court appoint counsel pursuant to 25 U.S.C. § 175 and *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). Compl. at 3. When plaintiff in an IFP case requests appointment of counsel under 25 U.S.C. § 175,[3] 28 U.S.C. § 1915(e)(1) governs his request. *Greene v. United States*, No. 22-1064, 2022 WL 17547204, at 1 (Fed. Cl. Dec. 9, 2022). Section 1915(e)(1) states that "[t]he court may request an attorney to represent any person unable to afford counsel." While this court has the power to appoint counsel under § 1915(e)(1), in civil cases courts should only appoint counsel in particular circumstances, *i.e.*, those "that present an extreme hardship to petitioner." *Washington v. United States*, 93 Fed. Cl. 706, 708-09 (2010).

The Supreme Court has indicated that appointment of counsel under 1915(e)(1) in civil cases "may be appropriate when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his or her child in a custody case." *See Washington*, 93 Fed. Cl. at 708 (*citing Vitek v. Jones*, 445 U.S. 480, 496-97 (1980) (civil commitment); *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 30-32 (1981) (child custody)). The Court, however, "refus[ed] to grant counsel to *all* child custody cases involving indigent parents," emphasizing the extremely high bar for counsel to be appointed. *See Washington*, 93 Fed. Cl. at 709. The Federal Circuit generally has appointed counsel only in cases that involve potential deprivation of liberty. *Wright v. United States*, 701 F. App'x 967, 971 (Fed. Cir. 2017). An indigent litigant is presumed to have a right to appointed counsel *only* when his physical liberty is at stake of being deprived if he loses. *Lassiter*, 452 U.S. at 26-27. Even when this presumption applies, it must be weighed against the results of balancing "the private interest at stake, the government's interest, and the risk that the procedures used will lead

---

[2] On September 16, 2022, plaintiff filed his initial a motion to proceed IFP. ECF No. 2. On September 20, 2022, the court directed plaintiff to complete the appropriate IFP application with supporting documentation. ECF No. 6. On October 11, 2022, Mr. Moore filed a motion with a completed IFP application and supporting documentation, which the court granted. ECF No. 7; ECF No. 8.

[3] Section 175 states that "[i]n all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175.

to erroneous decisions." *Id.* at 27 (discussing fundamental fairness under procedural due process) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

Here, Mr. Moore seeks monetary damages.[4] In the circumstances at hand, if the court were to deny Mr. Moore's request for monetary damages, his criminal sentence—including its length—would not be affected. Therefore, his physical liberty is not at risk of being further deprived if he loses, and the presumption to the right to appointed counsel does not apply. Plaintiff's interest in monetary damages does not rise to the level of extreme hardship and therefore appointment of counsel is not warranted under 28 U.S.C. § 1915(e)(1), and in turn 25 U.S.C. § 175. *See Greene*, 2022 WL 17547204 at *2. Plaintiff's request for appointment of counsel under *Maclin*, 650 F.2d at 887-89, is not applicable because this court is "bound by the Federal Circuit's standard, which focuses only on whether the moving party's liberty is at stake." *Greene*, 2022 WL 17547204 *3 (citing *Wright*, 701 F. App'x at 971).[5]

### 2. Class Certification

The requirements for class certification are numerosity, commonality, adequacy, and superiority. RCFC 23(a). Because the plaintiff is *pro se* and does not have legal training, plaintiff does not satisfy the adequacy requirement. *See Greene,* 2022 WL 17547204, at *4. Therefore, the request for class certification is denied.

### 3. Lack of Jurisdiction

Defendant contends that Mr. Moore has failed to identify a statute that entitles him to money damages. Def.'s Mot. to Dismiss at 3.[6]

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To establish this court's jurisdiction under the Tucker Act, plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States,* 386 F.3d 1091, 1094 (Fed. Cir. 2004). Pleadings of *pro se* plaintiffs are held to a less stringent standard, but they still must establish that the court has jurisdiction. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). When ruling on the

---

[4] Plaintiff also seeks a writ of mandamus, which the court does not have jurisdiction to grant. *See infra* at 3. It is therefore not considered in the court's analysis of appointment of counsel.

[5] In addition, the abrogation of *Maclin* was recognized by *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005).

[6] Plaintiff seeks a writ of mandamus to direct Oklahoma government officials to act, Compl. at 1, but the court lacks jurisdiction to issue such a writ. *See Del Rio v. United States*, 87 Fed. Cl. 536, 540 (2009).

government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F. 3d 795, 797 (Fed. Cir. 1995)).

Mr. Moore has failed to identify a source of law that entitles him to money damages. The treaties that plaintiff cites, the 1830 Treaty of Dancing Rabbit Creek, the 1837 Treaty of Doaksville, and the 1866 Treaty of the Choctaws and Chickasaws, do not contain money-damage provisions. The Treaty of Dancing Rabbit Creek states that "no Territory or State shall ever have a right to pass laws for the government of the Choctaw nation." 7 Stat. 333, art. 4 (1830). The Treaty of Doaksville in turn grants the rights enumerated in the Treaty of Dancing Creek Rabbit to the Chickasaws. Compl. at 2. In addition, the Treaty of the Choctaws and Chickasaws states that Choctaw or Chickasaw people and people who marry members of the Choctaw or Chickasaw Nation are subject to the laws of the Choctaw and Chickasaw Nations, including their prosecution, trial and punishment. 14 Stat. 769, art. 38 (1866). Although the Treaty of Dancing Rabbit Creek and the Treaty of Doaksville could be read to protect members of the Choctaw and Chickasaw Nations from state laws, they do not have clauses that authorize money damages and therefore the court lacks jurisdiction.

## CONCLUSION

The court therefore DENIES Mr. Moore's requests for appointment of counsel and class certification and GRANTS the government's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, the Clerk shall dismiss Mr. Moore's complaint.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge